KNOLL, Judge,
dissenting.
In my view, the record clearly shows that the sentencing court conscientiously considered all of the sentencing guidelines provided in LSA-C.Cr.P. Art. 894.1. The majority speaks of “possible” mitigating factors that should have been considered: defendant’s age and a one year suspended sentence for a prior felony conviction.
Pertinent to the excessive sentence issue, the record shows the following: (1) defendant was charged with aggravated burglary of an inhabited dwelling; (2) the minutes reflect that at sentencing, defendant and his counsel acknowledged that they had received from the court the factual contents and conclusions of the presentence investigation, particularly those adverse to defendant and they had no desire to oppose or contest any matters in the report or offer any additional matters for the court to consider; (3) defendant was placed on one year supervised probation for unauthorized use of a movable; (4) a letter written by defendant to the sentencing judge explaining that he was on probation when he (defendant) was “picked up” for the present offense, therefore, he requested that his sentence run concurrent with his prior sentence, that he not receive the maximum sentence and that he has learned that “drinking, all it cause is nothing But [sic] destruction sir,”; (5) a two page “Sentencing Guideline Checklist”; (6) he was on supervised probation less than six months when he committed the present offense; and, (7) the sentencing colloquy reflects that the sentencing court thoroughly and conscientiously explained the reasons for the sentence imposed, and, among other factors, that it read the presentence investigation report and defendant’s letter.
It is obvious from the record that the sentencing court was aware of defendant’s age. The record clearly reflects that the sentencing court fully considered defendant’s one year suspended sentence. In my view, a remand for re-sentencing for the reasons stated by the majority does not comport with what the record shows and will unnecessarily cause another sentencing hearing at the expense of the court’s time and public fisc.
For the foregoing reasons, I respectfully dissent.